

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2008

# Mavreshko v. Resorts USA Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4403

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mavreshko v. Resorts USA Inc" (2008). *2008 Decisions*. Paper 256.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/256

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4403

DMITRIY MAVRESHKO, a minor by his
parents and natural guardians;
IGOR MAVRESHKO, in their own right;
SVETLANA MAVRESHKO,
Appellants

v.

RESORTS USA, INC.; d/b/a Fernwood Hotel and Resort;
FERNWOOD RESORTS INC;
HRP CORPORATION;
TREETOPS, INC;
OUTDOOR WORLD CORPORATION

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 04-cv-00457)
District Judge: Honorable James M. Munley

Submitted Under Third Circuit LAR 34.1(a)
October 23, 2008

Before: RENDELL, SMITH, Circuit Judges,
and POLLAK, District Judge*.

(Filed: November 6, 2008 )

*Honorable Louis H. Pollak, Senior District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellants Igor Mavreshko ("Igor") and Dmitriy Mavreshko ("Dmitriy") appeal from the District Court's order denying their motion for a new trial pursuant to Federal Rule of Civil Procedure 59. The District Court entered final judgment on the jury's verdict in favor of appellees, Resorts USA, Inc. and Ha Ra Corp. d/b/a Fernwood Hotel and Resort (collectively, "Fernwood") and against Igor and Dmitriy. Dmitriy, a minor, sued Fernwood claiming that he suffered permanent brain injury when he hit his head while snow tubing at Fernwood's snow tubing facility.[1] Igor, Dmitriy's father, sued Fernwood in his own right claiming damages arising from Dmitriy's injuries. Igor and Dmitriy allege on appeal that the District Court abused its discretion in denying their motion for a new trial because the jury's verdict that Fernwood's negligence did not cause Dmitriy's injuries was against the weight of the evidence presented at trial.

Appellant Svetlana Mavreshko ("Svetlana") appeals from the District Court's order granting summary judgment in favor of Fernwood and against Svetlana's personal claim for damages arising from injuries to Dmitriy. On appeal, Svetlana alleges that the

---

[1] As a minor, Dmitry sued by and through his parents, Svetlana and Igor. We will refer to these claims as Dmitry's claims, to distinguish them from Svetlana and Igor's individual claims.

2

District Court erred in holding that her co-signing of a liability release ("release") allowing Dmitriy to engage in snow tubing precluded her from suing to recover damages arising from his injuries. For the reasons stated below, we will affirm the orders of the District Court.

## I. Background[2]

This case arises from a snow tubing accident that occurred on the evening of December 24, 2002, at a snow tubing facility operated by Fernwood in Bushkill, Monroe County, Pennsylvania. The facility consisted of four snow tubing lanes separated by dividing ice walls, called "windrows." Dmitriy, then 13 years old, struck his head when his snow tube hit a windrow, and he suffered permanent brain injury from the collision. Fernwood required the Mavreshkos to sign releases before they were permitted to snow tube. Igor and Svetlana each signed separate releases. Dmitriy signed a third identical release which Fernwood required Svetlana to co-sign because Dmitriy was a minor.

On the evening of the accident, Fernwood's employee, Travis Moya ("Moya"), was the attendant at the bottom of the snow tubing hill. It was his responsibility to retrieve items that snow tubers dropped while descending the lanes. Another Fernwood employee, Christine Larsh ("Larsh"), was the attendant at the top of the hill, and it was her duty to tell the patrons when to descend. Moya had been retrieving an item of

---

[2]As we write for the benefit of the parties alone, we include only those facts necessary for the disposition of this appeal.

3

clothing and was present in the lanes when Larsh permitted Dmitriy to descend the lane.[3]

The Mavreshkos filed a negligence action on March 2, 2004. Their theory of liability was that Fernwood was negligent in the operation and design of the snow tubing facility, including negligence on behalf of Fernwood's employees for allowing Dmitriy to snow tube while Moya was in the lane. The Mavreshkos alleged that Dmitriy collided with Moya while he was in the lane, causing Dmitriy's snow tube to careen into the windrow.

The Mavreshkos and Fernwood filed cross motions for summary judgment based on the releases that Igor and Svetlana signed and the release that Dmitriy signed and Svetlana co-signed. On May 31, 2005, the District Court granted in part and denied in part the cross motions for summary judgment. The District Court granted summary judgment to Dmitriy and Igor on Fernwood's affirmative defense of release, and granted summary judgment to Fernwood on its affirmative defense of release to Svetlana's negligence claim.

The District Court held a jury trial from October 31, 2005, through November 8, 2005, on Dmitriy's negligence claims by his parents and those of Igor in his own right. Dmitriy and Igor presented the testimony of seven eyewitnesses. Six of their eyewitnesses were friends or acquaintances of the Mavreshkos. Each of these six

---

[3]Moya's exact location was vigorously disputed. Fernwood contended that Moya was straddling the windrow between Dmitriy's lane and the bordering lane. Dmitriy and Igor argued that Moya was obstructing the lane either by standing in it or walking across it.

eyewitnesses testified either that Dmitriy's snow tube struck Moya or that the witness did not see a collision, but that Dmitriy's snow tube careened and hit the windrow immediately after he passed Moya. Their seventh eyewitness was Larsh. Larsh testified that: 1) Moya was straddling the windrow between two lanes; 2) at most his leg or foot was present in the right side of Dmitriy's lane; 3) she did not see Dmitriy's snow tube collide with Moya; and 4) Dmitriy's snow tube followed the same angle and path that the other snow tubes had followed after he passed Moya.

Fernwood denied that Moya was obstructing Dmitriy's lane, that there was a collision between Dmitriy and Moya, and that Moya caused Dmitriy's accident. Fernwood presented the testimony of one eyewitness, a third Fernwood employee, Howard Foreman ("Foreman").[4] At the time of the accident, Foreman was coming to relieve Moya, and was present at the bottom of the hill. Foreman testified that he believed he was closest to and had the best view of the accident. He also testified that: 1) Moya was straddling the windrow; 2) Dmitriy and Moya did not collide; and 3) Dmitriy "dragged his left foot so hard that he spun the tube into the window." (App. 1157a). Fernwood argued that the inherent risks of snow tubing caused Dmitriy's accident.

The District Court provided a verdict form which presented the jury with two questions: 1) Do you find the defendants were negligent?; and 2) Do you find that the

---

[4]Neither Howard Foreman nor Christine Larsh still works at Fernwood.

defendants' negligence was a factual cause of the plaintiffs' injuries?  The jury answered

the first question affirmatively, but answered "no" to the second question.  On

November 9, 2005, the District Court entered judgment on the jury's verdict for

Fernwood and against Dmitriy and Igor.  Dmitriy and Igor filed a motion for a new trial

on November 22, 2005, under Federal Rule of Civil Procedure 59.  On September 7,

2006, the District Court filed a memorandum and order denying their motion.  The

Mavreshkos filed timely notices of appeal on October 6, 2006.  Svetlana appeals from the

District Court's grant of summary judgment against her claim of negligence.  Dmitriy and

Igor appeal from the District Court's denial of their motion for a new trial.  This Court

has jurisdiction to hear these appeals pursuant to 28 U.S.C. § 1291.

## II.  Discussion

### A.    Denial of Motion for a New Trial

We begin with Dmitriy and Igor's argument that the District Court improperly

denied their motion for a new trial.  We review the District Court's denial of a new trial

for abuse of discretion.  *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 290

(3d Cir. 1991).

The District Court may grant a new trial under Rule 59 if "the record shows that

the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record,

cries out to be overturned or shocks [the court's] conscience."  *Greenleaf v. Garlock, Inc.*,

174 F.3d 352, 366 (3d Cir. 1999) (quoting *Williamson v. Consol. Rail Corp.*, 926 F.2d

6

1344, 1353 (3d Cir. 1991)). Dmitriy and Igor argued that they satisfied this standard because 1) their evidence that Dmitriy collided with Moya greatly outweighed Fernwood's evidence that he did not, and 2) the jury's finding that Fernwood's negligence did not cause Dmitriy's injuries shocks the conscience in light of Fernwood's failure to dispute causation. The District Court held that the jury's verdict was not against the great weight of the evidence, stating, "[i]t is not a miscarriage of justice that the jury decided to credit the defendants' witnesses over the plaintiffs' witnesses." *Mavreshko v. Resorts USA, Inc.*, 2006 WL 2583755, at *3 (M.D. Pa. 2006) (*Mavreshko II*). Furthermore, the District Court found several grounds to support the jury's verdict that Fernwood was negligent, but that such negligence was not the cause of Dmitriy's accident.[5] *Id*. at *3-4.

Dmitriy and Igor argue that the District Court abused its discretion in denying their motion for a new trial because their eyewitnesses who testified that they saw Dmitriy collide with Moya or saw his snow tube careen immediately after he passed Moya constituted the great weight of the evidence. After a review of the record, we find no

---

[5]The District Court's examples included: 1) "The jury could have found that the defendants were negligent in allowing the attendant in the lane, even if he were merely straddling the lanes, but that his presence in the lane did not cause the accident;" 2) "The jury could have concluded that failing to shut all the lanes [when Moya had gone into the lane to retrieve a piece of clothing] was negligent, but that such negligence did not cause Plaintiff Dmitriy's accident;" 3) "The jury could have concluded that the hill was negligently designed so as to obstruct the guards' and guests' view of the track and any obstacles and that Fernwood failed to re-groom the lanes in a negligent manner," but that these actions did not cause the accident. *Mavreshko II*, 2006 WL 2583755, at *3-4.

7

reason to disturb the District Court's ruling. As the District Court summarized:

> Although plaintiff may have had more witnesses than the defendant on the issue of how the accident occurred, it is uniquely the province of the factfinder, here the jury, to choose who to believe and who not to believe . . . [t]he jury could very well have concluded that [Dmitriy and Igor's eyewitnesses'] relationship with the plaintiffs colored their testimony. Both sides presented witnesses who were cross examined and whose credibility was impeached. It was the jury's task to decide who was telling the truth.

*Id*. at *3 (internal citations omitted). The jury reasonably could have credited the testimony that there was no collision.[6]

Dmitriy and Igor further argue that Fernwood failed to dispute causation, and that the District Court abused its discretion in holding that the jury could properly conclude that Fernwood's negligence did not cause Dmitriy's injuries.[7] As the District Court explained, the jury was presented with different theories of causation. *Mavreshko II*, 2006 WL 2583755, at *3 (stating, "[t]he jury could have credited the evidence that indicated that the accident was caused by the defendant dragging his feet"). Under

[6]As the District Court noted, even Larsh's testimony did not "fully support the plaintiffs' position," and even contradicted plaintiffs' theory that an impact with Moya caused Dmitriy's accident. *Mavreshko II*, 2006 WL 2583755, at *3 n.1.

[7]Dmitriy and Igor argue that because the jury found Fernwood negligent and because Fernwood did not contest that Dmitriy sustained injuries, the jury had to find that Fernwood caused the accident and thus Dmitriy's injuries, because the defense did not allege that *Dmitriy* was negligent. Under Pennsylvania law, the jury can reach its conclusion that a defendant was negligent, but did not cause the plaintiff's injuries, without having to consider whether the plaintiff was contributorily negligent. *Daniel v. William R. Drach Co., Inc.*, 849 A.2d 1265, 1272 n.5 (Pa. Super. 2004). We do not agree that Fernwood did not dispute causation.

Pennsylvania law, if other factors may have caused the plaintiff's injuries, then the jury may properly find that the defendant's negligence was not the cause. *See Daniel v. William R. Drach Co., Inc.*, 849 A.2d 1265, 1269 (Pa. Super. 2004).

The District Court acted well within its discretion in denying Dmitriy and Igor's motion for a new trial. The record contains evidence from which the jury reasonably could have made a number of alternative findings, including, *inter alia*, that there was no collision between Dmitriy and Moya, or that Dmitriy caused his own injuries by dragging his foot and causing the snow tube to hit the windrow. The record further supports the jury's conclusion that Fernwood was negligent but not a factual cause of the accident.

**B.     Release Barring Parent's Claims for Minor Child's Injury**

On May 31, 2005, the District Court granted summary judgment to Fernwood as to Svetlana's claims. Svetlana raises two arguments on appeal: 1) "The release fails to communicate to a parent who is co-signing her minor child's "release" that, by co-signing, the parent will be waiving the parent's own claim for damages arising from injuries the child sustains due to the facility's negligence;" and 2) "Enforcing a child's release against a parent even after, as here, the district court holds that the release cannot be enforced against the child is a truly absurd outcome." (Appellants' Br. at 17-18). Svetlana did not raise these issues in the District Court and is therefore precluded from arguing them on appeal.

Failure to raise an issue in the district court constitutes a waiver of the argument.

9

*See Med. Protective Co. v. Watkins*, 198 F.3d 100, 105 n.3 (3d Cir. 1999) (citing *Brenner v. Local 514, United Bhd. of Carpenters*, 927 F.2d 1283, 1298 (3d Cir. 1991)); *see also Keenan v. City of Phila.*, 983 F.2d 459, 471 (3d Cir. 1992) (holding that defendants waived argument that evidence of financial condition is a prerequisite to punitive damages award because they failed to present "the argument with sufficient specificity to alert the district court"). In their motion for summary judgment, the Mavreshkos raised only two arguments for the District Court's consideration: 1) whether the release was voidable because it was signed by a minor; and 2) whether the release was only applicable to suits regarding equipment. *Mavreshko v. Resorts USA, Inc.*, 2005 WL 1309060, at *2 (M.D. Pa. May 31, 2005) (*Mavreshko I*). The District Court rejected Svetlana's argument that the release only barred claims "based on the selection, provision, maintenance or use of the rented snow tube *equipment*." (App. 101a). It held that "the release is broad enough to cover the negligence asserted in the complaint," and that Svetlana's signature on Dmitriy's release under his signature barred her claims of negligence.[8] *Mavreshko I*, 2005 WL 1309060, at *5.

---

[8]The District Court reviewed the relevant portions of the release that made it sufficiently broad to cover the negligence asserted in the complaint, stating:

> [T]he document is entitled: "RELEASE OF LIABILITY FOR SNOWTUBING." It provides: "I understand and am aware that snowtubing is a HAZARDOUS ACTIVITY. I understand that snowtubing and the use of snowtubes involves a risk of injury to any and all parts of my body. I hereby freely and expressly assume and
>
> (continued...)

10

Svetlana has not argued in her appeal that the District Court erred in concluding that the release covered all negligence claims, rather than only those claims arising out of the service, provision, maintenance, or use of the snow tube equipment. Instead, Svetlana now asserts that her claim survives summary judgment because 1) the release did not include specific language stating that Svetlana's signature on Dmitriy's release barred her claims of negligence if Dmitriy sustained injuries while snow tubing, and 2) the release must be unenforceable against Svetlana if it is unenforceable against Dmitriy. The District Court did not have the occasion to address these issues; therefore, Svetlana has waived them.

### III. Conclusion

For the reasons set forth above, we will AFFIRM the District Court's Order on all grounds.

---

[8](...continued)
accept responsibility for any and all risks of injury or death while participating in this activity." The release proceeds to state: "I, the undersigned, acknowledge that I have read this agreement and release of liability and I understand its contents. I understand that my signature below expressly waives any rights I may have to sue Operator for injuries and damages."

*Mavreshko I*, 2005 WL 1309060, at *2.

11